1
2
3
4
5
6
7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  MICHAEL A. HUNT,

11           Plaintiff,                   No. CIV S-04-0435 LKK JFM P

12      vs.

13  COREY MCKAY, et al.,

14           Defendants.                  ORDER

15  _____/

16           Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil
17  rights action pursuant to 42 U.S.C. § 1983.  The sole claim remaining in this action is plaintiff's
18  claim that defendant Vance violated his right to due process by validating plaintiff as a member
19  of the Blood gang without "some evidence" to support the validation.  (See Findings and
20  Recommendations, filed January 26, 2005; Order filed March 7, 2005.)  On June 15, 2005,
21  defendant Vance filed a motion for summary judgment.  On June 29, 2005, plaintiff filed a
22  motion pursuant to Fed. R. Civ. P. 37 to compel discovery responses and a motion pursuant to
23  Fed. R. Civ. P. 56(f) to postpone consideration of defendant's motion for summary judgment.
24  Defendant opposes both motions, except that he does not oppose an order granting plaintiff an
25  additional period of thirty days in which to file opposition to defendant's motion for summary
26  judgment.

By his motion to compel, plaintiff seeks an order requiring defendant to produce documents responsive to request number 3 from his first request for production of documents and request numbers 1 and 5 from his second request for production of documents, and to respond to interrogatory number 1 in his third set of interrogatories.

By request number 3, in his first request for production of documents, plaintiff sough "copies of any and all memorandums, gang list listing all blood gang members in B Facility, California State Prison, at Sacramento, from the year 2000 to the present." (Ex. A to Plaintiff's Declaration in Support of Motion to Compel Discovery, filed June 29, 2005.) Defendant objected to the request on the grounds that the information sought was not relevant and was "confidential, privileged and subject to protection as official information." (Ex. E to Plaintiff's Declaration.)

Plaintiff contends that the information he seeks is relevant to prove that the presence of his name on a February 4, 2002 memorandum[1] shows that he had been improperly validated as a member of the Blood prison gang.[2] In opposition to the motion, defendant contends that it is undisputed that plaintiff was not validated as a Blood gang member, that the names on the memorandum included inmates who had not been validated as Blood gang members, and that information about the gang status of other inmates is not relevant to his claim against defendant Vance.

The information plaintiff seeks by this request is not relevant to his claim that defendant Vance violated his right to due process by improperly validating him as a member of

/////

---

[1] The memorandum at issue was written after a September 4, 2002 incident involving, inter alia, members of the Bloods prison gang, following which plaintiff was placed on lockdown with all Blood gang members in the prison. (See Attachment E to Declaration of Lieutenant Keith Reed, attached as Exhibit B to Defendant's Statement of Undisputed Facts, filed June 15, 2005.) The February 4, 2002 date appears therefore to be a typographical error.

[2] Plaintiff contends that he discovered his name on the February 4, 2002 memorandum after the September 4, 2002 incident. See footnote 2, supra.

the Blood prison gang. Plaintiff's motion to compel a further response to this request will be denied.

By request number 1, set two, plaintiff sought CDC form 812 chronos for the inmates listed on the February 4, 2002[3] memorandum. The forms sought identify the gang or "disruptive group" identification of each inmate. Defendants objected to this request as "vague and ambiguous," overbroad, "not reasonably calculated to lead to the discovery of admissible evidence," burdensome in comparison to the likelihood any admissible evidence would be discovered, and on the ground that it sought confidential information. (Defendant's Opposition to Plaintiff's Motion to Compel, at 5.)

Information concerning the gang affiliation of other inmates is not relevant to the claim at bar. Plaintiff's motion to compel a further response to this request will be denied.

By request number 5, set 2, plaintiff seeks production of all documents of "past complaints and inmate 602 appeals concerning gang management problems at CSP-Sacramento since 2000." (Motion to Compel, filed June 29, 2005, at 7.) Defendant objected to this request as "vague and ambiguous," overbroad, "not reasonably calculated to lead to the discovery of admissible evidence," and burdensome in comparison to the likelihood any admissible evidence would be discovered.

Defendants' objection to this request is well-taken. No further response will be required.

Finally, in the first interrogatory contained in plaintiff's third set of interrogatories, plaintiff seeks the identity of "all high-ranking prison staff members (by name, rank, and title at the relevant time, current rank and title and last know work address) who were on duty in B Facility between 7:00 a.m. and 3:00 p.m. on September 5th and 6th, 2002." (Ex. D to Motion to Compel.) Defendant objected to this request as "overly vague, ambiguous, and

---

[3] See footnote 1, supra.

3

burdensome." (Ex. K to Motion to Compel.) Defendant's objection is well-taken. No further response will be required.

For all of the foregoing reasons, plaintiff's motion to compel will be denied. Plaintiff's Rule 56(f) request, which is based on the matters at issue in the motion to compel, will also be denied. Plaintiff will be given one period of thirty days in which to file and serve a substantive opposition to defendant's motion for summary judgment

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 29, 2005 motion to compel is denied.

2. Plaintiff's June 29, 2005 motion pursuant to Fed.R.Civ.P. 56(f) is denied.

3. Plaintiff is granted thirty days from the date of this order to file and serve a substantive opposition to defendant's June 15, 2005 motion for summary judgment. Plaintiff is referred to the provisions of this court's order filed June 10, 2004 with respect to the requirements for opposing a motion for summary judgment.

4. Defendant's reply, if any, shall be filed and served not later than ten days after service of plaintiff's opposition.

DATED: November 16, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
hunt0435.mtc