UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL HUNT,

         Plaintiff,

   v.

COREY McKAY, et al.,

         Defendants.

                NO. CIV. S-04-435 LKK/JFM P

                O R D E R

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. On January 17, 2006, the magistrate judge recommended that defendant Vance's June 15, 2006 motion for summary judgment be granted. The court has reviewed the magistrate judge's findings and recommendations. As discussed below, the court declines to adopt the magistrate judge's recommendation.

////

1

1    Defendant Vance asserts, and the magistrate judge agrees, that
2 the list on which plaintiff's name appeared was only a list of
3 "suspected" Blood gang members.  The list did not reflect
4 plaintiff's status as a validated member of the Bloods.  For this
5 reason, the magistrate judge concluded that the "rule announced in
6 Bruce does not apply to this case."  Findings and Recommendations
7 filed on January 17, 2006 at 8:2-3.
8    The court cannot agree with this conclusion.  Based on the
9 evidence tendered, it appears that there remains a disputed fact
10 that would defeat summary judgment.  Specifically, plaintiff
11 maintains that the list generated by defendant was in fact a list
12 of "Blood" members for all practical purposes, see Pl.'s SDF 4, and
13 defendant asserts that the list was merely a list of "suspected"
14 Blood gang members.  See Vance Dec. at ¶ 5.
15    This dispute is significant.  If in fact defendant was
16 classifying inmates according to gang status, then defendant cannot
17 avoid Bruce and other requirements for designating gang members.
18    In other words, if defendant was labeling those on the list
19 as only "suspected" gang members, but for all practical purposes,
20 was actually treating those on the list as "validated" gang
21 members, then defendant was using semantics to avoid the gang
22 validation procedure.
23    That said, it is not clear to the court the actual
24 consequences of the list and if the inmates on the list were, in
25 fact, being treated as if they were validated "gang" members.  It
26 appears that defendant has failed to show how the treatment of

1  plaintiff was any different than the treatment of a inmate who was
2  designated as a gang member.
3      For the reasons set forth above, the court DECLINES to adopt
4  the January 17, 2006 findings and recommendations and REMANDS the
5  case to the magistrate judge for further proceedings consistent
6  with this order.
7      IT IS SO ORDERED.
8      DATED:  March 24, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT