IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT,

        Plaintiff,                No. CIV S-04-0435 LKK JFM P

    vs.

COREY MCKAY, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In the sole claim remaining in this action, plaintiff claims that his Fourteenth Amendment right to due process was violated when defendant Vance improperly placed plaintiff's name on a list of suspected or known Blood gang members, associates or sympathizers, causing plaintiff to be locked down for a period of twelve days. On January 19, 2006, this court issued findings and recommendations recommending summary judgment for defendant Vance on this claim. By order filed March 27, 2006, the district court declined to adopt the findings and recommendations and remanded the matter to this court for further proceedings.

        On May 31, 2006, plaintiff filed a request for modification of the scheduling order to give him an opportunity to file "dispositive pretrial motions." In an order filed June 14, 2006,

1   this court granted the request and gave both parties a period of forty-five days in which to file
2   cross-motions for summary judgment.  On June 22, 2006, plaintiff filed a motion for a
3   scheduling order, seeking an order setting dates for the parties to file pretrial statement, and for
4   pretrial conference and trial.  Therein, plaintiff contended that his May 31, 2006 request was
5   predicated on the mistaken belief that "dispositive pretrial motions" consisted of motions in
6   limine and other motions related to the conduct of trial, and did not include further motions for
7   summary judgment.  On July 19, 2006, defendant Vance filed a further motion for summary
8   judgment.  Plaintiff did not file a cross-motion for summary judgment.  On July 27, 2006,
9   plaintiff filed an opposition to the motion.  Therein, plaintiff challenges only defendant Vance's
10  right to file the motion for summary judgment at bar, and presents no substantive opposition
11  thereto.
12          In the June 14, 2006 order, the court noted that it was "unclear whether further
13  motion practice will lead to resolution of this case by summary judgment." (Order, filed June 14,
14  2006, at 2.)  The court nonetheless granted the parties an opportunity to file further summary
15  judgment motions and will now consider fully the defendant's motion.  Plaintiff will be given a
16  period of twenty days to file a further opposition to defendant's motion for summary judgment.
17  Plaintiff is referred to the provisions of this court's order filed June 10, 2004 with respect to the
18  requirements for opposing a motion for summary judgment.  Plaintiff's request for a further
19  scheduling order will be denied without prejudice to its renewal, as appropriate, following
20  resolution of the pending motion for summary judgment.
21          In accordance with the above, IT IS HEREBY ORDERED that:
22          1. Plaintiff is granted twenty days from the date of this order to file and serve a
23  further opposition to defendant's July 19. 2006 motion for summary judgment;
24          2. Defendant may file a further reply, as appropriate, not later than seven days
25  thereafter; and
26  /////

3.  Plaintiff's June 22, 2006 motion for issuance of a scheduling order is denied without prejudice.

DATED:   January 11, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

12
hunt0435.opp