IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT,

        Plaintiff,                         No. CIV S-04-0435 LKK JFM P

   vs.

COREY MCKAY, et al.,

        Defendants.             <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. On January 25, 2007, plaintiff filed a motion to establish the admissions to which defendant Vance failed to timely respond. Fed. R. Civ. P. 36(a). Defendant Vance opposes the motion, claiming the request for admissions was untimely propounded or, in the alternative, seeking to find defendant's failure to respond based on counsel's excusable neglect and requesting to act in excess of time.

        On June 29, 2005, plaintiff filed a motion to compel discovery. Although plaintiff mentioned defendant Vance had failed to respond to the fourth request for admissions propounded on May 15, 2005, plaintiff did not seek to compel responses or to deem the requests admitted at that time. (Compare June 29, 2005 Motion to June 29, 2005 Decl. at 5, ¶ 19.) Discovery closed July 15, 2005. (March 25, 2005 scheduling order, at 5.)

1

Defendant has provided evidence that plaintiff mailed something to counsel Cashdollar on May 16, 2005. (Deft.'s Opp'n, filed February 1, 2007, Ex. 1.) Defendant's counsel states his office received the fourth request for admissions on May 19, 2005. (Cashdollar Decl. at 2.)

In the scheduling order, the court specifically required that all requests for discovery "shall be served no later than sixty days prior to [July 15, 2005]." (Id. at 5.) The date of May 15, 2005 was a Sunday; there are no postal service deliveries on Sunday. Moreover, in computing any period of time required by court order, "the day of the act, event, or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a). "The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday." (Id.) Here, the 60 day period starts on May 16, 2006 and ends on July 14, 2005.[1]

Thus, plaintiff's fourth request for admissions was timely served and the admissions were deemed admitted upon defendant Vance's failure to timely respond.

Defendant Vance has requested leave to act in excess of time. However, because his failure to timely respond caused the admissions to be deemed admitted, the court cannot grant this request.

Federal Rules of Civil Procedure 36(a) provides that if a party fails to answer a request for admissions within thirty days, the requested items are deemed admitted. These admissions are conclusively established unless the court permits withdrawal or amendment of the admission by noticed motion. Rule 36(b) provides:

> Any matter admitted under this rule is conclusively established unless the court *on motion* permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will

---

[1] The 60 days were calculated as follows: 16 days in May plus 30 days in June = 46 days. 46 days + (June 1 - 14 = 14 days) = 60 days.

> prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

Id. (emphasis added). An admission cannot be amended or withdrawn except by leave of court after noticed motion. Fed R. Civ. P. 36(b); See 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985).

Because defendant is required to file a motion to withdraw or amend the admissions deemed admitted herein, the court must deny defendant's request to act in excess of time. However, the parties are advised that this denial does not reflect on the merits of defendant's February 1, 2007 filing. Rather, the filing of a noticed motion provides both parties fair opportunity to address the two prongs that must be satisfied before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal. Fed. R. Civ. P. 36(b). Given the pendency of defendant's motion for summary judgment, defendant will be granted a brief time frame in which to file such a motion. Should defendant choose to file such a motion, proposed revised responses to the request for admissions, fourth set, should also be provided.

On January 25, 2007 plaintiff also filed a motion to strike the declaration of Captain Baughman in support of defendant Vance's motion for summary judgment. Plaintiff contends that defendant failed to timely disclose Captain Baughman as an expert witness through initial disclosure and challenges Captain Baughman's qualifications to serve as an expert witness in this action. However, defendant correctly points out that actions brought by state prisoners are exempt from the initial disclosures required by Fed. R. Civ. P. 26. Fed. R. Civ. P. 26(a)(1)(E); E.D. Local Rule 16-282. This court has reviewed the qualifications of Captain Baughman and finds him qualified to serve as an expert witness with regard to the pending motion for summary judgment. Plaintiff's motion should be denied.

/////

1    Good cause appearing, IT IS HEREBY ORDERED that:

2    1. Plaintiff's January 25, 2007 motion to deem admitted the request for admissions, set four, propounded to defendant Vance (docket no. 60), is granted; the requests for admissions are deemed admitted.

2. Defendant's February 1, 2007 request to act in excess of time is denied.

3. Within ten days from the date of this order, defendant may file a motion to withdraw or amend the admissions deemed admitted herein.

4. Plaintiff's January 25, 2007 motion to strike Captain Baughman's declaration is denied (docket no. 58).

DATED: February 7, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

/001; hunt0435.adm