EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Senior Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
MONICA N. ANDERSON
Supervising Deputy Attorney General
WILLIAM V. CASHDOLLAR, State Bar No. 117482
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 327-5596
 Fax: (916) 324-5205
 Email: William.Cashdollar@doj.ca.gov

Attorneys for Defendant S. Vance

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| **MICHAEL A. HUNT,**<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>**COREY MCKAY, et al.,**<br><br>　　　　　　Defendants. | 2:04-CV-0435 EJG JFM P'<br><br>**DEFENDANT'S NOTICE OF AND MOTION TO WITHDRAW OR AMEND REQUESTS DEEMED ADMITTED TO PLAINTIFF'S FOURTH SET OF REQUEST FOR ADMISSIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>Fed. R. Civ. P. 16, 36; L.R. 78-203(m) |

**TO: PLAINTIFF MICHAEL A. HUNT** (C-24148), *in pro se*

**PLEASE TAKE NOTICE THAT** Defendant Captain S. Vance respectfully moves the Court pursuant to Federal Rules of Civil Procedure, Rules 16 and 36, for an order granting him leave to withdraw or amend requests deemed admitted to Plaintiff's fourth set of request for admissions.

**PLEASE TAKE ADDITIONAL NOTICE** that pursuant to Local Rule 78-230(m) this motion is submitted on the record without oral argument unless otherwise ordered by the Court.

/ / /

Defendant's Notice of and Motion to Withdraw or Amend Requests Deemed Admitted to Plaintiff's
Fourth Set of Request for Admissions and Memorandum of Points and Authorities in Support Thereof

1

1  **PLEASE TAKE ADDITIONAL NOTICE THAT** this motion is based on the notice
2  and motion, the supporting memorandum of points and authorities and attached exhibits, the
3  pleadings, records, declarations, and files in this action, and such other matters as may properly
4  come before the Court.
5     Dated:  February 9, 2007

6                                       Respectfully submitted,
7                                       EDMUND G. BROWN JR.
                                        Attorney General of the State of California
8                                       DAVID S. CHANEY
                                        Senior Assistant Attorney General
9                                       FRANCES T. GRUNDER
                                        Senior Assistant Attorney General
10                                      MONICA N. ANDERSON
                                        Supervising Deputy Attorney General
11
12                                      */s/ William V. Cashdollar*

13                                      WILLIAM V. CASHDOLLAR
                                        Deputy Attorney General
14                                      Attorneys for Defendant

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On January 25, 2007, Plaintiff filed a supplemental opposition to Defendant's pending July 19, 2006 motion for summary judgment. (Clerk's Record (CR) 53-54; 58-59.) In his opposition, Plaintiff sought an order to have his fourth set of request for admissions deemed admitted pursuant to Rule 36(a) of the Federal Rules of Civil Procedure. (CR 58-59.)

On February 1, 2007, Defendant filed his opposition, supported by his counsel's declaration. (CR 61, 62.) On February 5, 2007, Defendant filed an amended opposition and declaration. (CR 67, 68, 69.)

On February 8, 2007, the Court granted Plaintiff's January 25, 2007, motion to deem Plaintiff's fourth set of request for admissions, admitted with leave for Defendant to move to withdraw or amend the admissions. (CR 70.) Defendant incorporates by reference as if fully set forth herein, the pleadings and documents in this case, including, but not limited to, his amended opposition and declaration and respectfully moves to withdraw or amend the admissions. (CR 67, 68.) The basis for moving to withdraw or amend is because the deemed admissions are factually wrong, presentation of the merits of the action would be served by granting Defendant's motion and, Plaintiff will not be prejudiced.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendant's Notice of and Motion to Withdraw or Amend Requests Deemed Admitted to Plaintiff's
Fourth Set of Request for Admissions and Memorandum of Points and Authorities in Support Thereof

3

**I.**

**DEFENDANT RESPECTFULLY SEEKS AN ORDER GRANTING HIM LEAVE TO WITHDRAW OR AMEND ADMITTED RESPONSES TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR ADMISSION FOR GOOD CAUSE SHOWN**

If a party fails to timely answer a request for admissions, the requested items are deemed admitted pursuant to Federal Rules of Civil Procedure, Rule 36(a).  The requests are deemed admitted unless the court on motion permits withdrawal or amendment of the admissions.  Fed. R. Civ. P. 36(b).  "Two requirements . . . must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved; and (2) the party who obtained the admission must not be prejudiced by the withdrawal."  *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995).  The two-prong test "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice."  Fed. R. Civ. P. 36 advisory committee's notes (1970 amendment).

The facts as presented demonstrate that Defendant's presentation of evidence on the merits will be subserved and that no prejudice will befall Plaintiff if the Court grants his motion.  Moreover, the request for admissions currently deemed admitted, except for one, are factually wrong.

**A.   Presentation of the Merits of the Action Would Be Subserved by Granting Defendant Leave to Withdraw or Amend**

The first step for a court to determine whether to permit a party to withdraw or amend admissions "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case."  *Hadley v. United States,* 45 F.3d at 1348.  That is the case here.

The sole remaining claim in this action is Plaintiff's contention that his Fourteenth Amendment right to due process was violated when Defendant Vance placed his name on a list of suspected or known Blood gang members, associates or sympathizers, causing Plaintiff to be locked down for a period of twelve days.  (CR 45, p. 1, ¶ 1.)  Plaintiff wishes to rely on his

Defendant's Notice of and Motion to Withdraw or Amend Requests Deemed Admitted to Plaintiff's
Fourth Set of Request for Admissions and Memorandum of Points and Authorities in Support Thereof

4

fourth set of request for admissions to establish that: (1) Plaintiff filed a CDCR administrative grievance dated January 28, 2002, Log No. SAC-B-02-00184; (2) Defendant worked on February 4 and 5, 2002, as a the Facility B Captain at the California State Prison - Sacramento (CSP-SAC); (3) Defendant personally wrote, authored, prepared or otherwise authorized his subordinates to write, author or prepare, the list on which Plaintiff's name was placed identifying him as a Blood; and that (4) the list comprises members of the Blood street gang. (Def. Exh. A (Plaintiff's Request for Admissions (Set Four).) The Court has deemed the requests admitted. (CR 70.) Thus, core elements of the merits of the case will not be considered because the admissions would effectively establish that: (1) the list was of validated Bloods; (2) Defendant personally authored or otherwise directed others to author the list; (3) Defendant was on-duty on February 4 and 5, 2002, the dates applicable to the case; and that (5) Defendant validated Plaintiff as a Blood without a hearing. (Def. Exh. A.) These assertions, now admitted, are factually untrue.

The facts are: (1) Plaintiff was not validated as a gang member. (CR 54 (Defendant's Undisputed Facts (DUF)) ¶¶ 9, 15-16, 19.); (2) no staff took steps to validate Plaintiff as a Blood (*Id.)*; (3) Plaintiff's placement on the list and on lockdown was for the safety and security of the institution and nothing more (DUF ¶¶ 9, 12-16, 18-19, 23, 25); (4) Plaintiff was placed on a list of inmates, none of whom were validated Bloods (DUF ¶ 20); (5) as to those directly involved in the stabbing, only one was actually a validated Blood (*Id.*); (6) prison staff prepared a list of those inmates who may become involved as further victims or participants, to ensure that until no further incidence of violence would occur (DUF ¶ 18); (7) and Defendant did not write, author or otherwise prepare the list; and (8) Plaintiff was not "validated" as a disruptive group member and placed on indeterminate SHU status because his name was on the list. (DUF ¶¶ 4-9; *see also*, Defendant's Response to Plaintiff's Fourth Set of Request for Admissions (Def. Exh. B).)[1]

---

1. Defendants believed it best to serve responses on Plaintiff and therefore have done so. (Def. Exh. B.) They nevertheless recognize that their motion to withdraw or amend is pending before the Court making such service subject to judicial order. (Def. Exh. B.)

Defendant's Notice of and Motion to Withdraw or Amend Requests Deemed Admitted to Plaintiff's
Fourth Set of Request for Admissions and Memorandum of Points and Authorities in Support Thereof

5

1      In his response to Plaintiff's fourth set of request for admissions, Defendant
2 demonstrates that while the grievance was filed by Plaintiff: (1) after reasonable and good faith
3 inquiry there is insufficient information known or available to Defendant on which to admit or
4 deny that he was on duty "between 7:00 a.m. and 3:00 p.m. on February 4, 2002" or "between
5 7:00 a.m. and 3:00 p.m. on February 5, 2002;" (2) Captain Vance was a Facility B Captain
6 assigned to CSP-SAC on February 4, 2002 and February 5, 2002; (3) Captain Vance did not
7 write, author or prepare the list; (4) Captain Vance did not authorize others to write, author or
8 otherwise prepare the list; (5) the list is not comprised of validated Bloods; (6) unknown staff
9 may have written, authored or otherwise prepared the list without the Captain's knowledge or
10 direction because that is institutional procedure; and (7) after reasonable and good faith
11 consideration, there is insufficient information known or readily available to Defendant on which
12 to admit or deny the list was seen or otherwise even approved by Defendant.  (Def. Exh. B.)
13 Defendant's motion to withdraw or amend should be granted because otherwise pending before
14 the Court are factual untruths.

15      By permitting the admissions to stand, Defendant would be prevented from
16 establishing that he was not personally involved in Plaintiff's name being placed onto the list or
17 that the list even involved a group of validated Bloods.  Indeed, the admissions, if allowed would
18 conflict with well-established evidence already before the Court.  (CR 45 (January 19, 2006,
19 Findings and Recommendations).)

20      This case has proceeded in an orderly manner.  (CR 1-70.)  Discovery and other
21 aspects of this case have been cordial, professional and without undue animosity or ill-will.  (*Id.*)
22 Upholding the admissions would effectively and substantially harm Defendant's ability to
23 present evidence that he was not involved in authoring the list, that the list was not of Bloods and
24 virtually eliminate his ability to present his case on the merits.  *Hadley v. United States,* 45 F.3d
25 at 1348.  The search for the truth would give way to a procedural error not caused by Defendant,
26 but by Defendant's counsel, who, in representing Defendant, acted with excusable neglect.  (CR
27 67, 68.)
28 / / /

Defendant's Notice of and Motion to Withdraw or Amend Requests Deemed Admitted to Plaintiff's
Fourth Set of Request for Admissions and Memorandum of Points and Authorities in Support Thereof

6

### B. Plaintiff Would Not Be Prejudiced by Granting Defendant Leave to Withdraw or Amend

The second prong of the test "relates to the difficulty a party may face in proving its case" given the sudden need to obtain replacement evidence. *Hadley v. United States,* 45 F.3d at 1348. Plaintiff carries the burden of demonstrating that withdrawal or amendment of the admissions would prejudice him. *Id.* "The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the fact finder of its truth. Rather it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Id.* at 1348 (quoting *Brook Village N. Assocs. v. General Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982). Permitting Defendant to withdraw or amend the admissions at issue, would not result in prejudice to Plaintiff.

First, the parties are at dispositive motion stage. (CR 53-54.) Defendant has filed his motion for summary judgment, Plaintiff has filed his opposition and Defendant his reply. (CR 53-54, 58-59, 65.) This is not a motion for withdrawal in the middle of a trial, when courts are more likely to find prejudice. *Hadley v. United States,* 45 F.3d at 1345; *999 v. CIT Corp.*, 776 F.2d 866, 869 (1985) (denying motion made during trial after the other party had nearly rested his case and had relied heavily upon the admission). Instead, Defendant's motion is pending and trial is not yet scheduled. (CR 36.)

Second, the essential facts have not been in dispute. For example, in 2005, Defendant made clear that it was not he, but someone else who wrote the list on which Plaintiff found his name. (CR 45, p. 4:22.) The list did not identify the inmates on the list as Blood gang members. (CR 45, pp. 4:23, 5:1.) The list was a programming list. (CR 45, p. 5:1-2.) Plaintiff's name was on the list. (CR 45, p. 5:5.) The facts found in earlier documents have been repeated and clarified in Defendant's January 25, 2007, motion for summary judgment. (CR 53-54.) Thus, there is no surprise, nor prejudice to Plaintiff.

/ / /

/ / /

Defendant's Notice of and Motion to Withdraw or Amend Requests Deemed Admitted to Plaintiff's
Fourth Set of Request for Admissions and Memorandum of Points and Authorities in Support Thereof

7

## CONCLUSION

Withdrawal or amendment of the admissions would preserve the factual merits of Defendant's case. Furthermore, Plaintiff will not be prejudiced in presenting his case. This is particularly true in light of the fact that much of the true evidence has been established in earlier proceedings and that which would be distorted should the admissions be permitted to stand. (CR 45.) For the foregoing reasons, Defendant respectfully asks that he be permitted to withdraw or amend responses to Plaintiff's fourth set of request for admission, now deemed admitted and rely instead on those found in his recently served responses (Def. Exh. B.)

Dated: February 8, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Senior Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

MONICA N. ANDERSON
Supervising Deputy Attorney General

*/s/ William V. Cashdollar*

WILLIAM V. CASHDOLLAR
Deputy Attorney General
Attorneys for Defendants

30218172.wpd
SA2004102634