IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT,

       Plaintiff,                    No. CIV S-04-0435 LKK JFM P

   vs.

COREY MCKAY, et al.,

       Defendants.           <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. On April 3, 2007, plaintiff filed a letter to the undersigned, noting it was an "ex parte communication." Plaintiff quotes from the March 2, 2007 findings and recommendations:

> the undisputed evidence demonstrates that plaintiff is presently regarded as unaffiliated and not validated as a Blood gang member. Should prison officials attempt to use this memo in the future, plaintiff may seek redress from the courts at that time.

(<u>Id.</u> at 12-13.) Plaintiff states that prison officials "are still using the [memos], although updated, to continue to label [him] as a Blood gang member and treat [him] as a Blood gang member despite [the court's] findings and [his] past grievance appeals." (April 3, 2007 letter at 1.) Plaintiff appended a copy of memoranda issued in January 2007 which included what plaintiff

1

1 describes as a "gang list and a workers list," and stated that plaintiff's name is listed as being a
2 Blood gang member on both lists.  Plaintiff also provided an updated CDCR 812 Form from his
3 central file which confirms plaintiff is not affiliated with any gang.  (Id.)

4   On April 6, 2007, defendant Vance filed a response to plaintiff's communication,
5 objecting that plaintiff's *ex parte* communication was improper but that in any event his claims
6 in that filing pertain to actions taken after another violent situation, which occurred in 2006, not
7 at issue herein.  Defendant provided a copy of the grievance forms plaintiff filed in response
8 thereto, confirmed plaintiff has not been validated as a Blood gang member and argued that in
9 any event plaintiff was confined to his cell under exigent circumstances.

10   Defendant's objections are well taken.  The events at issue in plaintiff's April 3,
11 2007 filing took place in 2006, four years after the events at issue herein and involve parties not
12 named as defendants herein.  Although plaintiff appears to argue that the memo at issue in the
13 instant case had something to do with the January 12, 2007 memo recently provided, plaintiff
14 concedes that the memos were updated.  Plaintiff has provided no evidence that demonstrates the
15 2002 memorandum was used in connection with the 2007 memorandum addressing incidents
16 occurring in 2006 and 2007.

17   Moreover, "[s]ection 1997e(a) of Title 42 of the United States Code provides:
18
> No action shall be brought with respect to prison conditions under
> [42 U.S.C. § 1983], or any other Federal law, by a prisoner
19 > confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.
20

21 This exhaustion requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001)."
22 McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Porter v. Nussle, 534 U.S.
23 516, 524 (2002).  Exhaustion must precede the filing of the complaint and that compliance with
24 the statute is not achieved by satisfying the exhaustion requirement during the course of an
25 action.  McKinney, 311 F.3d at 1199.
26 /////

1   The documents provided do not demonstrate whether plaintiff has completed the
2  exhaustion process with regard to the 2006 incident.  However, because the incident that
3  prompted the January 12, 2007 memo occurred in 2006 and plaintiff's grievance with prison
4  officials was still in process March 8, 2007, it is clear that plaintiff had not yet exhausted his
5  remedies with regard to the 2006 incident prior to the filing of this case in 2004.  If plaintiff
6  wishes to pursue his federal court remedies as to the 2006 incident, he must file a new civil rights
7  complaint after he has completed exhaustion of his administrative remedies.  The 2006 and 2007
8  events have no bearing on the instant claim concerning defendant Vance's actions in 2002.
9   Good cause appearing, IT IS HEREBY ORDERED that plaintiff's April 3, 2007
10 letter will be placed in the court file and disregarded.
11 DATED:  May 2, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; hunt0435.exp

3