IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL A. HUNT,

    Plaintiff,                    No. CIV S-04-0435 LKK JFM P

    vs.

COREY MCKAY, et al.,

    Defendants.             <u>ORDER</u>

_____/

        On March 12, 2007, plaintiff filed a request for reconsideration of the order filed March 2, 2007, granting defendant's motion to withdraw admissions deemed admitted. On March 16, 2007, plaintiff was granted fifteen days in which to file an opposition to the motion to withdraw admissions. Plaintiff has now filed his opposition. Good cause appearing, the March 2, 2007 order will be vacated and the court will address defendant's February 13, 2007 motion to withdraw or amend his admissions anew. The request for admissions, set four, propounded to defendant Vance were deemed admitted based on defendant's failure to timely respond. (February 8, 2007 Order.) Plaintiff filed an opposition on April 2, 2007.

        Rule 36(b) states that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). "[T]he court may permit withdrawal or amendment when the presentation

1

of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Id.

When a party fails to answer a request for admissions and the requests are deemed admitted, Fed. R. Civ. P. 36(a), the admissions are conclusively established unless the court permits withdrawal or amendment of the admission. In pertinent part, Rule 36(b) provides:

> [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

Id. Two prongs must be satisfied before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal.

Defendants' requests for admissions dealt with whether defendant Vance authored or authorized the creation of the memo and list at issue herein, and whether defendant Vance was on duty on the pertinent dates. If the requests are deemed admitted, defendant Vance will be precluded from arguing that he was not responsible for creation of the memo or list. Defendant's relationship with the list was earlier described as:

> Defendant Vance avers that he did not generate the list and that he has no personal recollection of seeing or approving the list before it was used to lock down inmates. (Vance Declaration, at ¶ 11.) He also notes that it does not bear his signature. (Id.) The list nonetheless plainly identifies defendant Vance as the prison official ordering the lockdown. (Attachment E to Ex. B.)

(January 19, 2006 Findings and Recommendations at 4, n.3.)

Despite defendant's arguments to the contrary, the authorship of the list is really not at issue. It is undisputed that the list bears defendant Vance's name and that the list was used to lockdown certain inmates to their cells in response to an altercation that involved Blood gang members. Whether or not defendant Vance was on duty on the date in question, it is clear from

the memo bearing his name that other prison officials used this memo and list of inmates, ostensibly under Vance's direction, to implement a lockdown of those listed.

Thus, the court finds that allowing defendant Vance to withdraw or amend his admission pertaining to authorship of the list or Vance's duty status on the dates in question would not necessarily help or hinder the presentation of the merits in this case.

It appears, however, that plaintiff is attempting to construe these admissions as defendant Vance conceding that "the list comprised validated Bloods" or the memo "listed blood inmates in B Facility." These are the words plaintiff used to describe the February 4, 2002 memo. However, despite plaintiff's argument to the contrary, these descriptions were not required to identify the memo and were not at the heart of the requests in which the descriptions were included. Rather, the specific requests in which the descriptions were included sought defendant's admission concerning the creation, authorship or authorization to create the memo and the list. (Requests Nos. 4 & 5.) To the extent plaintiff misconstrues the effect of defendant's admission to requests nos. 4 & 5, such construction would impact the merits in this case.

Thus, allowing the admissions to stand would not subserve or help the merits because they do not accurately portray the facts as relied on by the parties to date, and might allow plaintiff to make arguments not based on fact. Accordingly, the court finds defendant has met the first prong; the presentation of the merits of the action will be subserved by the withdrawal of the admissions.

The court turns now to the prejudice prong.

> The prejudice contemplated by Rule 36(b) is "not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, *e.g.,* caused by the unavailability of key witnesses, because of the sudden need to obtain evidence" with respect to the questions previously deemed admitted. *Brook Village N. Assocs. v. General Elec. Co.,* 686 F.2d 66, 70 (1st Cir.1982). The party who obtained the admission has the burden

/////

3

1  of proving that withdrawal of the admission would prejudice the
2  party's case.  *See FDIC v. Prusia,* 18 F.3d 637, 640 (8th Cir.1994).

3  <u>Hadley v. United States</u>, 45 F.3d 1345, 1348 (9th Cir. 1995).

4        Plaintiff claims that allowing defendant to withdraw the admissions would
5  prejudice him because he "would have to obtain all employee logs on the dates in question, find
6  and interview possible staff members who were on duty and might be unavailable, locate each
7  inmate on the February 4, 2002 memo who may no longer be in the system, and certainly
8  bias[ed] staff members will not step forward and subject themselves to civil litigation
9  procedings." (April 2, 2007 Opp'n at 6.)  Plaintiff contends this would cause delay which would
10 prejudice his case.  (<u>Id.</u>)

11       Defendant contends that plaintiff would not be prejudiced by the withdrawal of
12 these admissions because the case is still at summary judgment stage, rather than at trial.  <u>Hadley</u>,
13 45 F.3d at 1345; <u>999 v. CIT Corp.</u>, 776 F.2d 866, 869 (1985)(denying motion made during trial
14 after the other party had nearly rested and had heavily relied upon the admission).  In addition,
15 defendant contends that the admissions contradict facts already found to be undisputed by the
16 court:

17 > Defendant made clear that it was not he, but someone else who
> wrote the list on which Plaintiff found his name.  (CR 45, p. 4:22.)
18 > The list did not identify the inmates on the list as Blood gang
> members.  (CR 45, pp. 4:23, 5:1.)  The list was a programming list.
19 > (CR 45, p. 5:1-2.)  Plaintiff's name was on the list.  (CR 45, p.
> 5:5.)
20

21 (Deft.'s February 13, 2007 Mot. at 7, citing January 19, 2006 Findings and Recommendations.)

22       In light of this court's finding that the authorship of the memo and list is not
23 dispositive in this case, and that, in any event, the memo nonetheless plainly identifies defendant
24 Vance as the prison official ordering the lockdown, the court cannot find that plaintiff will suffer
25 injury rising to the level of prejudice justifying a denial of the withdrawal motion.  Plaintiff will
26 not be required to perform additional discovery delaying this case because the court has found

4

that authorship of the memo is not dispositive of this case. "Cases finding prejudice to support a denial generally show a much higher level of reliance on the admissions." Hadley, 45 F.3d at 1349.

Moreover, once the failure to respond came to counsel's attention, counsel for defendant immediately filed a request for extension to respond to the admissions, explaining that the failure to respond was based on counsel's error, rather than the defendant's, and noted counsel's myriad health problems and heavy caseload that interfered with his attention to this case. This court notes that other courts have granted withdrawal motions for late-filed responses:

> *Westmoreland v. Triumph Motorcycle Corp.,* 71 F.R.D. 192 (D.Conn.1976) (permitting withdrawal of admissions which were one year late, but defendant had promptly filed motion to withdraw under Rule 36(b)).

Day v. Milling, 2000 WL 435462, at *2 (D. Conn. February 22, 2000). The Day court found that Day would be clearly prejudiced by the withdrawal of deemed admissions one week prior to trial. (Id. at *2.) Here, the case is still in pretrial proceedings, and pretrial conference and jury trial dates have yet to be reset.

Accordingly, this court finds that plaintiff has not carried his burden of proving that a withdrawal of the admissions would prejudice his case. Because a presentation on the merits would be subserved and because plaintiff would not be prejudiced by the withdrawal, defendant Vance's motion to withdraw the admissions will be granted. Defendant will be permitted to withdraw the admissions. Defendant Vance's response to plaintiff's request for admissions, set four, filed on February 13, 2007, will be deemed timely filed. (Docket No. 72, Ex. B.)

In light of the above, IT IS HEREBY ORDERED that:

1. The March 2, 2007 order granting defendant's motion to withdraw is vacated; and

/////

2. Defendant Vance's February 13, 2007 motion to withdraw his admissions is granted.  (Docket Nos. 71, 72.)  Defendant Vance's response to plaintiff's request for admissions, set four, filed on February 13, 2007, is deemed timely filed.

DATED: May 2, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; hunt0435.mta2