1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL A. HUNT,

11            Plaintiff,                    No. CIV S-04-0435 LKK JFM P

12       vs.

13   COREY MCKAY, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Plaintiff has filed a notice of appeal.  One claim remained in this action:

18   whether plaintiff's Fourteenth Amendment right to due process was violated when defendant

19   Vance improperly placed plaintiff's name on a list of suspected or known Blood gang members,

20   associates or sympathizers, causing plaintiff to be locked down for a period of twelve days.

21            As noted in the March 2, 2007 findings and recommendations, even assuming,

22   *arguendo*, that plaintiff had a liberty interest in being free of confinement to his cell, plaintiff

23   received the process he was due.  (<u>Id.</u> at 13.)  Plaintiff was confined to his cell for administrative

24   purposes.  (<u>Id.</u> at 11-12.)  The February 4, 2002 memo served as notice.  (<u>Id.</u> at 12.)  When an

25   inmate is segregated for administrative rather than disciplinary reasons, the notice given may be

26   much less specific, indeed may consist only of the "reasons for considering segregation."

1

1    Toussaint v. McCarthy, 801 F.2d at 1100-01.  Plaintiff was then able to file a grievance,

2    protesting his lack of ties to the Blood gang.  (March 2, 2007 Findings and Recommendations at

3    12.)  Eight days after plaintiff was confined to his cell, his administrative grievance was partially

4    granted and he was removed from the gang lists and picture board.[1]  (Id.)  Prison officials

5    confirmed that his central file reflected he was nonaffiliated and there was no mention that he

6    had been validated as a gang member.  (Id.)  Finally, prison officials' decision to confine

7    plaintiff to his cell was supported by the exigencies of the September 5, 2002 stabbing incident.

8    (March 2, 2007 Findings and Recommendations at 15.)

9            Accordingly, this court finds that the appeal has not been taken in good faith.  The

10   Clerk of the Court is directed to serve a copy of this order on the United States Court of Appeals

11   for the Ninth Circuit.

12   DATED:   October 26, 2007.

14                                          LAWRENCE K. KARLTON
                                            SENIOR JUDGE
                                            UNITED STATES DISTRICT COURT

---

[1]  Neither party has provided evidence specifically describing these gang lists or picture boards from which plaintiff's name was removed.  Neither party has identified where these lists or pictures were posted or how they were used by prison officials.  However, Lt. Reed stated that the list contained in the February 4, 2002 memo was "provided staff on all shifts (day, swing and graveyard) to know which cells to open and permit the occupant to leave.  (Reed Decl., filed June 15, 2005, at 5.)  Plaintiff has not provided any lists other than the list included in the February 4, 2002 memo.